UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MARVIN,

                Petitioner,                Case Number 5:11-cv-15281
                                                        Honorable John Corbett O'Meara

v.

JOHN PRELESNIK,

                Respondent.
_____/

OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

      Mark Marvin, ("Petitioner"), presently confined at a Michigan correctional facility, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed pro se, Petitioner challenges his guilty plea conviction for operating a vehicle under the influence of liquor - third offense. MICH. COMP. LAWS §257.625(6)(d). For the reasons stated below, Respondent's motion for summary judgment will be granted because Petitioner has failed to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b). The petition for writ of habeas corpus is dismissed without prejudice.

I. Background

      Petitioner was convicted of the above offense on September 5, 2007, following his guilty plea in the Oakland Circuit Court. He was sentenced on October 3, 2007, as a fourth-time habitual felony offender, to 5-to-20 years in prison.

      There is no indication in the Rule 5 material filed by Respondent that Petitioner attempted

to file a direct appeal of his conviction or sentence. Petitioner, however, has attached several exhibits to his petition purporting to show that he attempted to seek direct appellate review. He claims that on November 5, 2007, he filed a timely request for the appointment of appellate counsel with the trial court that was ignored. Petitioner supports this assertion with a copy of a disbursement authorization for postage dated November 5, 2007, that indicates he sent something to the trial court on that date. Petitioner was never appointed appellate counsel, nor does there appear to be any order explaining the reason for the denial. Petitioner's follow-up letters to the state court administrator did not bear fruit.

On May 19, 2010, Petitioner wrote to the Michigan Appellate Assigned Counsel System (MAACS), seeking advice. The Deputy Administrator of MAACS replied, advising Petitioner that he could either file another request for the appointment of counsel with the trial court or file a motion for relief from judgment under Michigan Court Rule 6.500. Petitioner has attached several documents showing that he did attempt to file requests for the appointment of appellate counsel with the trial court, but the trial court never responded to any of his filings.

Petitioner then filed a complaint for a writ of mandamus in the Michigan Court of Appeals, asserting that he was entitled to an order compelling the trial court to rule on his request for the appointment of appellate counsel. The Michigan Court of Appeals dismissed the action for lack of jurisdiction. The court stated: "A superintending control order replaces the writ of mandamus when directed to a lower court. MICH. COMP. LAWS 3.302(C). Thus, this Court does not have jurisdiction to entertain a complaint for mandamus against a circuit judge." *Marvin v. Wayne Circuit Judge*, No. 205489 (Mich. Ct. App. September 14, 2011). Petitioner did not attempt to appeal this order to the Michigan Supreme Court.    Petitioner apparently attempted once again to file papers with the trial court seeking relief. But somewhat bizarrely, on February 8, 2012, a law

clerk for the trial court–purporting to write for the court itself–responded, finding that "defendant is not entitled to any action based on these documents."

Meanwhile, on December 1, 2011, Petitioner filed the instant petition. He raises two claims:

I. Petitioner's Sixth Amendment due process rights guaranteed by the United States Constitution were violated when the circuit court failed to appoint appellate counsel.

II. Petitioner's Fourteenth Amendment right to the effective assistance of counsel was violated when defense counsel informed his client to take an illusory plea.

On June 6, 2012, Respondent filed a motion for summary judgment, asserting that the petition should be dismissed without prejudice because Petitioner has not exhausted his state court remedies. On June 18, 2012, Petitioner filed a counter motion for summary judgment, asserting that because Respondent did not file a transcript of the plea proceeding or respond to the petition on the merits, that he is entitled to a writ of habeas corpus.

## II. Discussion

The instant petition will be dismissed without prejudice because Petitioner has yet to exhaust his claims with the state courts.

Prisoners seeking federal habeas relief must first exhaust their available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b-c); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, petitioners must present their grounds for review to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner*, 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002) citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, prisoners that are confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock*, 208 F.

Supp. 2d 796, 800 (E.D. Mich. 2002). Ultimately, habeas petitioners have the burden of proving that they exhausted their state court remedies. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, the instant petition is subject to dismissal because Petitioner has failed to demonstrate that he has exhausted his state court remedies with respect to his claims. Petitioner has shown that he has made numerous attempts in the trial court to seek appointment of appellate counsel. And Respondent has not offered any documents to show that these requests were not simply ignored. This inaction of the trial court forms the basis for Petitioner's first habeas claim. However, Petitioner's only attempt to present this claim to the state appellate courts has been in a complaint for mandamus filed in the Michigan Court of Appeals. The complaint was denied for want of jurisdiction because the proper vehicle for compelling a circuit court to act is a complaint for superintending control. See MICH. CT. R. 3.302 and 7.206. Petitioner does not claim that he ever attempted to file such an action. Petitioner's second claim challenges the guilty plea itself. It has not been presented to either state appellate court. Nor has Petitioner ever filed a motion for relief from judgment under Michigan Court Rule 6.500, in which such a claim may be raised.

Because Petitioner has not sought relief from the Michigan appellate courts by way of a complaint for superintending control to compel the trial court to entertain his requests for the appointment of appellate counsel, he is not excused from exhausting his claims in the state courts. *See Porter v. Sanders,* 2012 U.S. Dist. LEXIS 52959, 7-9 ( E.D. Mich. Apr. 16, 2012); *Washington v. Warden, Ross Correctional Institute*, 2003 U.S. Dist. LEXIS 5831, 2003 WL 1867914, * 3 (E.D. Mich. March 21, 2003); *See also Wells v. Marshall*, 885 F. Supp. 314, 318 (D. Mass. 1995)(state prisoner was not exempt from exhaustion requirement for filing a petition for writ of habeas corpus, though his motion for new trial had been pending in the state trial court since July, 1991, where he did not seek intervention from the highest state court to remedy the delay). Accordingly, the

petitioner will be dismissed without prejudice, so that Petitioner may first present his habeas claims to the state courts before presenting them here.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). If a plain procedural bar is present and the district court correctly invokes such bar to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. Under such circumstances an appeal would not be warranted. *Id.*; *see Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment [Dkt. 11] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Summary Judgment [Dkt. 13] is DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability and leave to appeal in forma

pauperis are denied.

                                              s/John Corbett O'Meara  
                                              United States District Judge

Date: July 13, 2012

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 13, 2012, using the ECF system and/or ordinary mail.

                                              s/William Barkholz  
                                              Case Manager